**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**GERALD E. BUTLER,**

    **Plaintiff,**

**vs.**                             **CASE NO. 1:07cv22-SPM/AK**

**JOHN E. POTTER, POSTMASTER
GENERAL, UNITED STATES POSTAL
SERVICE, and WILLIAM BURRUS,
APWU PRESIDENT, AMERICAN POSTAL
WORKERS UNION,**

    **Defendants.**

                           /

## ORDER

The Court previously granted Plaintiff IFP status, and he has complied with the Court's

order to provide it with copies of the second amended complaint for service on Defendants.

Therefore, this order directs service and, considering that Plaintiff is proceeding *pro se* in this

case, explains what must be accomplished to effect service of process.

Plaintiff is informed that it is his responsibility[1] to serve Defendants with a copy of the

second amended complaint. Fed. R. Civ. P. 4(c)(1). Service must generally be accomplished

within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(c),(m). However, that time is

hereby extended to 120 days from the date that this order is entered on the docket pursuant to

Rule 4(m).

Plaintiff has named two defendants: John E. Potter, Postmaster General, United States

---

[1] Plaintiff may file a motion requesting assistance. Fed. R. Civ. P. 4(c)(2).

Postal Service; and William Burrus, APWU President, American Postal Workers Union. Each is considered separately, and each must be served with a copy of the summons and second amended complaint.

As to Potter, because he is an officer of a United States agency, the United States Postal Service, service of this case is governed by Rule 4(i). Under this rule, a copy of the complaint and the summons that is issued to Plaintiff by the Clerk of this Court must be sent via *registered or certified mail* to the officer or agency. Fed. R. Civ. Proc. 4(i)(2). Copies of the complaint and summons must also be sent via *registered or certified mail* to the Attorney General of the United States *and* to a representative from the United States Attorney's Office for this district. Fed. R. Civ. P. 4(i)(1).

Service for Potter may be addressed to: **John E. Potter, Postmaster General, 475 L'Enfant Plaza, Washington, D.C. 20260-1000**. Service for the United States Attorney for the Northern District of Florida may be addressed to: **Civil Process Clerk, United States Attorney's Office, Northern District of Florida, 111 N. Adams Street, Fourth Floor, Tallahassee, Florida 32301**. Service for the Attorney General of the United States should be sent to: **Department of Justice, Room 511, Washington, D.C. 20530**. Plaintiff is reminded that he must serve the summons and complaint within 120 days from the date that this order is docketed, or the cause may be dismissed. *See* Fed. R. Civ. P. 4(m).

As to the APWU President, Defendant must be personally delivered a copy of the complaint and a summons that will be issued to Plaintiff by the Clerk of this Court. Such personal delivery may be made by anyone who is at least 18 years of age and is not a party to this action. This type of formal service will be explained more fully below.

Because Defendant Burrus is the president of an unincorporated association, he is subject to service pursuant to Rule 4(h) of the Federal Rules of Civil Procedure. Formal, personal service on this Defendant under Rule 4(h) requires delivery of "a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant ...." Fed. R. Civ. P. (4)(h)(1); *see also* 39 U.S.C. § 1208(e) (service of summons and complaint upon officer or agent of labor organization, in his capacity as such, shall constitute service upon labor organization). Rule 4(h) also permits service upon an unincorporated association in the manner prescribed for individuals as set forth in Rule 4(e)(1), if waiver of service has not been obtained.

Under the provisions regarding service upon an individual, Rule 4(e)(1), service may be effected pursuant to the law of the State of Florida. The relevant statutory provision in the State of Florida indicates that service upon a labor organization may be made on the president or other officer, business, agent, manager, or person in charge of the business of such labor organization. Fla. Stat. Ann. § 48.141.

Alternatively, Rule 4(d) allows Plaintiff the option of sending Defendant Burrus a notice of the commencement of the action and a request that he waive formal service of process. If Defendant fails to return the waiver form (which Plaintiff must enclose), Plaintiff must formally serve Defendant, and Defendant may be liable for the costs of formal service. Plaintiff should thoroughly review Rule 4 before attempting service by any of the above methods.

Accordingly, it is hereby **ORDERED:**

1.  The docket shall reflect that there are two Defendant in this action: John E. Potter, Postmaster General, United States Postal Service; and William Burrus, APWU President, American Postal Workers Union.  Plaintiff shall have ten days from the entry of this order on the docket in which to notify the Court if this is *incorrect*.

2.  The Clerk of Court shall forthwith issue summonses for the Defendants and deliver the summonses along with the service copies of Plaintiff's second amended complaint to Plaintiff, who shall be responsible for prompt service of the summonses and complaints upon the Defendants.  The Clerk shall also forward to Plaintiff a copy of Form 1A and Form 1B to be used if Plaintiff decides to serve the complaint under Fed. R. Civ. P. 4(d) (waiver of formal service).

3.  The time for service is hereby extended to 120 days from the date that this order is entered on the docket pursuant to Fed. R. Civ. P. 4(m).

4.  After a response to the complaint has been filed by Defendants, Plaintiff shall be required to mail to the attorney or attorneys for Defendants a copy of every pleading or other paper, including letters, submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a "certificate of service" which states the date a correct copy of the paper was mailed to each Defendant or to the attorney representing each Defendant.  After a response to the complaint has been filed by Defendants, any paper submitted for filing which does not contain a "certificate of service" shall be returned by the Clerk's Office and disregarded by the Court.

5.  In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it.  If Plaintiff wishes to consent, she should sign the form and forward it to counsel for Defendants, who shall

return it to the Clerk only if the Defendants consent.

      6. The Clerk of Court shall action require this case to the undersigned upon receipt of an answer to the complaint or other response from Defendants, upon the filing of either an executed or unexecuted summons, or no later than **January 4, 2010.**

      **DONE AND ORDERED** this _3rd_ day of September, 2009.


       *s/ A. KORNBLUM*
       **ALLAN KORNBLUM**
       **UNITED STATES MAGISTRATE JUDGE**