IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GERALD E. BUTLER,

    Plaintiff,

v.                                                        CASE NO. 1:07-cv-00022-SPM-GRJ

JOHN E. POTTER, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,

    Defendant.
_____/

## **ORDER**

Pending before the Court is Defendant's Motion To Dismiss. (Doc. 72.) Plaintiff has filed a response entitled "Plaintiff's Motion To Deny Defendant's Motion To Dismiss" (Doc. 75) which the Court will construe as Plaintiff's response. For the reasons discussed below, the Court will defer ruling on Defendant's motion to dismiss until Plaintiff has submitted a sworn affidavit or declaration under penalty of perjury as to the date Plaintiff received the letter from the U.S. Postal Service's Equal Employment Opportunity Dispute Resolution Office advising him that he had 15 days to file a formal Equal Employment Opportunity complaint.

### **I. Introduction**

Plaintiff, proceeding *pro se*, initiated this case on February 9, 2007 by filing an employment discrimination complaint form naming John E. Potter, Postmaster General, United States Postal Service, as a Defendant. (Doc. 1.) Plaintiff amended his complaint twice. The Second Amended Complaint, which is the focus of Defendant's motion to dismiss, again named John E. Potter, Postmaster General, United States

Postal Service as a Defendant.[1] Plaintiff brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII") alleging hat Defendant discriminated against him because of Plaintiff's race, color, disability, and age and that Defendant retaliated against him. (Doc. 29.) Plaintiff received the necessary Dismissal and Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") on July 26, 2007, which he filed with this Court with the Second Amended Complaint. (Doc. 29 Attachment 2.)

## II. Standard of Review

Because Defendant claims in his Motion to Dismiss that Plaintiff failed to timely exhaust his administrative remedies, Defendant's challenge goes to the Court's subject matter jurisdiction to adjudicate Plaintiff's claims and therefore is controlled by Rule 12(b)(1) of the Federal Rules of Civil Procedure. A Rule 12(b)(1) motion may be directed at two different types of defects. A "facial attack" on the complaint "requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction ... " Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.), *cert denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980). In this respect the allegations of the complaint are taken as true. Id. A "factual attack," on the other hand, "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings." Id. In this posture, the allegations of the complaint, although taken as true, may be tested by extraneous evidence. In other words, "no presumptive truthfulness attaches to plaintiffs' allegations and the existence of disputed material facts will not

---

[1] Plaintiff also included William Burrus, President of the American Postal Workers Union, and the American Postal Workers Union as Defendants in the Second Amended Complaint. (Doc. 29.) The claims against those Defendants were dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim by prior Order of this Court. (Doc. 62.)

preclude the trial court from evaluating for itself the merits of jurisdictional claims." Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990)(*per curiam*). When the attack is factual, as here, the plaintiff bears the burden of proving that jurisdiction does in fact exist. Menchaca, 613 F.2d at 511. Therefore, the Court is entitled to consider affidavits and other matters outside of the complaint without converting the motion into one for summary judgment pursuant to Rule 56. See, e.g., Hicks v. Brophy, 839 F.Supp. 948, 950 (D. Conn. 1993).

### III. Discussion

Defendant's motion to dismiss focuses upon the date that Plaintiff received notification in the form of a letter from Defendant of Plaintiff's right to file a formal Equal Employment Opportunity complaint.

According to Defendant, Plaintiff was notified of his discharge from employment with the U.S. Postal Service for improper conduct and failure to cooperate in an official investigation when Plaintiff received a letter dated July 21, 2006. (Doc. 72 Attachment 2 p. 1.) The Plaintiff was advised in the July 21, 2006 letter that Plaintiff either could file an appeal with the Merit Systems Protection Board or file an informal Equal Employment Opportunity ("EEO") complaint with the U.S. Postal Service if Plaintiff believed that his discharge was based upon discrimination. (Doc. 72 Attachment 2 p. 3.) Plaintiff filed an informal EEO complaint alleging that he was wrongfully terminated by the Postal Service. Plaintiff was then interviewed regarding this allegation on August 2, 2006 by Sherry Shine-Green, a Postal Service EEO Dispute Resolution Specialist. (Doc. 29 Attachment 2 p. 20.) After conducting an investigation, the U.S. Postal Service's EEO Dispute Resolution Office mailed Plaintiff a letter, dated September 29,

2006, signed by Ms. Shine-Green, entitled "EEO Pre-Complaint Counseling/Final Interview." (the "EEO Final Letter"). (Doc. 72 Attachment 2 p. 1.) In the EEC Final Letter the Plaintiff was advised that no resolution could be reached regarding Plaintiff's allegations of discrimination. (*Id.* p. 2.) The EEO Final Letter also advised Plaintiff in bold print that Plaintiff had 15 calendar days from receipt of the letter to file a formal EEO complaint, either by mail or by hand-delivery, with the Postal Service's National EEO Investigative Services Office ("NEEOISO") in Tampa, Florida. (*Id.* p. 1.)

Attached to the EEO Final Letter was a document, dated September 29, 2006, entitled "Certificate of Service" in bold capital letters. (*Id.* p. 3.) The Certificate of Service stated that: "For timeliness purposes, it will be presumed that this EEO Pre-Complaint Counseling/Final Interview [is] received within five (5) calendar days after mailed." (*Id.*.) Plaintiff apparently completed a formal EEO complaint form, which he dated October 19, 2006 and then mailed. (Doc. 72 Attachment 3 p. 1.) NEEOISO stamped Plaintiff's formal EEO complaint form that it was received by NEEOISO on October 23, 2006. (Doc. 72 Attachment 3 p. 1.) NEEOISO then mailed Plaintiff an Acknowledgment of Complaint form advising Plaintiff that NEEOISO considered the official EEO complaint form to have been filed on October 20, 2006. (Doc. 72 Attachment 4 p. 1.) On November 15, 2006, NEEOISO mailed Plaintiff a notice that it was dismissing his formal EEO complaint on the grounds that it was untimely pursuant to 29 C.F.R. § 1614.106(b). According to NEEOISO, Plaintiff filed his formal EEO complaint 16 days after receipt of notice of his right to file, outside the 15 day period provided for under 29 C.F.R. § 1614.106(b). (Doc. 72 Attachment 6 pp. 1-2.)

Defendant contends that Plaintiff's failure to file the complaint form with

NEEOISO within 15 days of receiving the notice as required by 29 C.F.R. § 1614.106(b) constitutes a failure by Plaintiff to exhaust his administrative remedies, thus, depriving this Court of subject-matter jurisdiction over this action and necessitating dismissal of the case.

In support of its motion, Defendant includes an affidavit from Leslie Cedola, a Manager of EEO Services with NEEOISO, in which Ms. Cedola avers that she reviewed the file containing Plaintiff's complaint and that the complaint was received at NEEOISO's Tampa offices on October 23, 2006, date-stamped by NEEOISO as received that day. The envelope in which Plaintiff's formal complaint was mailed bore a postmark of October 20, 2006. (Doc. 72 Attachment 5 pp. 1-2.) Ms. Cedola also represents that the "Postal Service allows an additional five days for receipt of the notice of the right to file a discrimination complaint, in accordance with 29 C.F.R. § 1614.604(b), when the notice is mailed to the employee." (Doc. 72 Attachment 5 p. 1.) In his unsworn response to the Motion to Dismiss, Plaintiff states that he "mailed the Plaintiff's complaint within the time allowed after the Plaintiff's [sic] received of the complaint forms for CASE NO. 1H-321-0024-06." (Doc. 75. p. 1.)

29 C.F.R. § 1614.106(b) provides that "a complaint must be filed within 15 days of receipt" of the required notice. 29 C.F.R. § 1614.604(b), the regulation under which NEEOISO denied Plaintiff's formal EEO complaint, provides that "A document shall be deemed timely if it is received or postmarked before the expiration of the applicable filing period, or, in the absence of a legible postmark, if it is received by mail within five days of the expiration of the applicable filing period." The five day period after which receipt of an EEO notice, like the EEO Final Letter in this case, is presumed to have

been received is merely a rebuttable presumption. In other words in the absence of evidence to the contrary it is presumed the EEO Final Letter was received by the employee within five days of the date of mailing. This view is consistent with the view of the EEOC, the agency charged with implementing Title VII of the Civil Rights Act of 1964 and the regulations issued thereunder, Moton v. Potter, EEOC Doc. No. 0120070600, 2007 WL 956617, at *1 (E.E.O.C. Mar. 21, 2007)("[t]he presumption of receipt within five days of mailing may be rebutted .. " ), and is consistent with case law addressing the issue. See, e.g., Simmons v. Potter, No. 08-cv-02593-WYD-KLM, 2009 WL 3158167, at *2-5 (D. Colo. Sept. 28, 2009); Hall v. Potter, No. 06-CV-5003 (JFB)(AKT), 2009 WL 577753, at *5-8 (E.D.N.Y. Mar. 4, 2009).

Consequently, the determination of the date that Plaintiff received the EEO Final Letter remains unresolved. Because Plaintiff is proceeding *pro se* – and represented in his unsworn response that he mailed the complaint timely – the Court determines that Plaintiff should be given an opportunity to submit a sworn affidavit or declaration under penalty of perjury averring the date when Plaintiff received the letter entitled "EEO Pre-Complaint Counseling/Final Interview," dated September 29, 2006, from the Postal Service's Equal Employment Opportunity Dispute Resolution Office and the date Plaintiff placed the formal EEO complaint in the mail for delivery to NEEOISO.

Accordingly, it is **ORDERED**:

(1)  Plaintiff shall have until **January 14, 2011** to file an affidavit under oath or a declaration under penalty of perjury, setting forth the actual date when Plaintiff received the September 29, 2009 "EEO Pre-Complaint Counseling/Final Interview" letter from the Postal Service's Equal

      Employment Opportunity Dispute Resolution Office and the date when Plaintiff placed in the mail his formal EEO Complaint addressed to NEEOISO.

(2)     The Court will **DEFER** ruling on Defendant's Motion To Dismiss (Doc. 72) until Plaintiff has filed the affidavit or declaration or the time for doing so has passed.

**DONE AND ORDERED** this 23rd day of December, 2010.

                              *s/ Gary R. Jones*
                              GARY R. JONES
                              United States Magistrate Judge