IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GERALD E. BUTLER,

      Plaintiff,

v.                                    CASE NO. 1:07-cv-00022-SPM-GRJ

JOHN E. POTTER, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion To Dismiss. (Doc. 72.) Plaintiff has filed a response entitled "Plaintiff's Motion To Deny Defendant's Motion To Dismiss." (Doc. 75.) This Court previously entered an order instructing Plaintiff to submit a sworn declaration under penalty of perjury as to the date Plaintiff received the letter from the U.S. Postal Service's Equal Employment Opportunity Dispute Resolution Office advising him that he had 15 days to file a formal Equal Employment Opportunity complaint. (Doc. 79.) On January 3, 2011 Plaintiff submitted a sworn statement in accordance with this Court's Order ("Plaintiff's Declaration"). (Doc. 80.) For the reasons discussed below, Defendant's Motion To Dismiss (Doc. 72) is due to be **DENIED.**

## I. Introduction

Plaintiff, proceeding *pro se*, initiated this case on February 9, 2007 by filing an employment discrimination complaint form naming John E. Potter, Postmaster General, United States Postal Service, as a Defendant. (Doc. 1.) Plaintiff amended his

complaint twice. The Second Amended Complaint, which is the focus of Defendant's motion to dismiss, again named John E. Potter, Postmaster General, United States Postal Service as a Defendant.[1] Plaintiff brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII") alleging that Defendant discriminated against him because of Plaintiff's race, color, disability, and age and that Defendant retaliated against him. (Doc. 29.)  Plaintiff received the necessary Dismissal and Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") on July 26, 2007, a copy of which he filed with the Second Amended Complaint.  (Doc. 29 Attachment 2.)

## II.  Standard of Review

Because Defendant claims in his Motion to Dismiss that Plaintiff failed to timely exhaust his administrative remedies, Defendant's challenge goes to the Court's subject matter jurisdiction to adjudicate Plaintiff's claims and therefore is controlled by Rule 12(b)(1) of the Federal Rules of Civil Procedure.  A Rule 12(b)(1) motion may be directed at two different types of defects.  A "facial attack" on the complaint "requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction ... "  Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).  In this respect the allegations of the complaint are taken as true.  Id.  A "factual attack," on the other hand, "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings."  Id.  In this posture, the allegations of the complaint, although taken as true, may be tested by extraneous evidence.  In other words, "no

---

[1] Plaintiff also included William Burrus, President of the American Postal Workers Union, and the American Postal Workers Union as Defendants in the Second Amended Complaint.  (Doc. 29.)  The claims against those Defendants were dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim by prior Order of this Court.  (Doc. 62.)

presumptive truthfulness attaches to plaintiffs' allegations and the existence of disputed

material facts will not preclude the trial court from evaluating for itself the merits of

jurisdictional claims."  Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990)(*per*

*curiam*).  When the attack is factual, as here, the plaintiff bears the burden of proving

that jurisdiction does in fact exist.  Menchaca, 613 F.2d at 511.  Therefore, the Court is

entitled to consider affidavits and other matters outside of the complaint without

converting the motion into one for summary judgment pursuant to Rule 56.  See, e.g.,

Hicks v. Brophy, 839 F.Supp. 948, 950 (D. Conn. 1993).  The Court is also "'free to

weigh the evidence and satisfy itself as to the existence of its power to hear the case'

without presuming the truthfulness of the plaintiff's allegations."  Marko Capital of Am.,

Inc. v. UBS, 543 F.3d 1254, 1258 (11th Cir. 2008)(quoting Morrison v. Amway Corp.,

323 F.3d 920, 925 (11th Cir. 2003)).

## III.  Discussion

Defendant's motion to dismiss focuses upon the date that Plaintiff received

notification in the form of a letter from Defendant of Plaintiff's right to file a formal Equal

Employment Opportunity complaint.

According to Defendant, Plaintiff was notified of his discharge from employment

with the U.S. Postal Service for improper conduct and failure to cooperate in an official

investigation when Plaintiff received a letter dated July 21, 2006.  (Doc. 72 Attachment

2 p. 1.)  The Plaintiff was advised in the July 21, 2006 letter that Plaintiff either could file

an appeal with the Merit Systems Protection Board or file an informal Equal

Employment Opportunity ("EEO") complaint with the U.S. Postal Service if Plaintiff

believed that his discharge was based upon discrimination.  (Doc. 72 Attachment 2 p.

3.)  Plaintiff elected to file an informal EEO complaint alleging that he was wrongfully terminated by the Postal Service.  Plaintiff was then interviewed regarding this allegation on August 2, 2006 by Sherry Shine-Green, a Postal Service EEO Dispute Resolution Specialist.  (Doc. 29 Attachment 2 p. 20.)  After conducting an investigation, the U.S. Postal Service's EEO Dispute Resolution Office mailed Plaintiff a letter, dated September 29, 2006, signed by Ms. Shine-Green, entitled "EEO Pre-Complaint Counseling/Final Interview" (the "EEO Final Letter").  (Doc. 72 Attachment 2 p. 1.)  In the EEO Final Letter the Plaintiff was advised that no resolution could be reached regarding Plaintiff's allegations of discrimination.  (*Id.* p. 2.)  The EEO Final Letter also advised Plaintiff in bold print that Plaintiff had 15 calendar days from receipt of the letter to file a formal EEO complaint, either by mail or by hand-delivery, with the Postal Service's National EEO Investigative Services Office ("NEEOISO") in Tampa, Florida.  (*Id.* p. 1.)

Attached to the EEO Final Letter was a document, dated September 29, 2006, entitled "Certificate of Service" in bold capital letters.  (*Id.* p. 3.)  The Certificate of Service stated that: "For timeliness purposes, it will be presumed that this EEO Pre-Complaint Counseling/Final Interview [is] received within five (5) calendar days after mailed."  (*Id*.)  Plaintiff completed a formal EEO complaint form, which he dated October 19, 2006 and then mailed.  (Doc. 72 Attachment 3 p. 1.)  NEEOISO stamped Plaintiff's formal EEO complaint form as having been received by NEEOISO on October 23, 2006.  (Doc. 72 Attachment 3 p. 1.)  NEEOISO then mailed Plaintiff an Acknowledgment of Complaint form advising Plaintiff that NEEOISO considered the official EEO complaint form to have been filed on October 20, 2006.  (Doc. 72

Attachment 4 p. 1.)  On November 15, 2006, NEEOISO mailed Plaintiff a notice that it

was dismissing his formal EEO complaint on the grounds that it was untimely pursuant

to 29 C.F.R. § 1614.106(b). According to NEEOISO, Plaintiff filed his formal EEO

complaint 16 days after receipt of notice of his right to file, outside the 15 day period

provided for under 29 C.F.R. § 1614.106(b).  (Doc. 72 Attachment 6 pp. 1-2.)

29 C.F.R. § 1614.106(b) provides that "a complaint must be filed within 15 days

of receipt" of the required notice.  29 C.F.R. § 1614.604(b), the regulation under which

NEEOISO denied Plaintiff's formal EEO complaint, provides that "A document shall be

deemed timely if it is received or postmarked before the expiration of the applicable

filing period, or, in the absence of a legible postmark, if it is received by mail within five

days of the expiration of the applicable filing period."   The five day period after which

receipt of an EEO notice, like the EEO Final Letter in this case, is presumed to have

been received is merely a rebuttable presumption.  In other words in the absence of

evidence to the contrary it is presumed the EEO Final Letter was received by the

employee within five days of the date of mailing. This view is consistent with the view of

the EEOC, the agency charged with implementing Title VII of the Civil Rights Act of

1964 and the regulations issued thereunder, Moton v. Potter, EEOC Doc. No.

0120070600, 2007 WL 956617, at *1 (E.E.O.C. Mar. 21, 2007)("[t]he presumption of

receipt within five days of mailing may be rebutted .. " ), and is consistent with case law

addressing the issue.  See, e.g., Simmons v. Potter, No. 08-cv-02593-WYD-KLM, 2009

WL 3158167, at *2-5 (D. Colo. Sept. 28, 2009); Hall v. Potter,  No. 06-CV-5003

(JFB)(AKT), 2009 WL 577753, at *5-8 (E.D.N.Y. Mar. 4, 2009).

Defendant contends that Plaintiff's failure to file the complaint form with

NEEOISO within 15 days of receiving the notice as required by 29 C.F.R. § 1614.106(b)

constitutes a failure by Plaintiff to exhaust his administrative remedies, thus, depriving

this Court of subject-matter jurisdiction over this action and necessitating its dismissal.

In support of its motion, Defendant includes an affidavit from Leslie Cedola, a

Manager of EEO Services with NEEOISO, in which Ms. Cedola avers that she reviewed

the file containing Plaintiff's complaint and that the complaint was received at

NEEOISO's Tampa offices on October 23, 2006, and was date-stamped by NEEOISO

as received that day. The envelope in which Plaintiff's formal complaint was mailed

bore a postmark of October 20, 2006.  (Doc. 72 Attachment 5 pp. 1-2.)  Ms. Cedola

also represents that the "Postal Service allows an additional five days for receipt of the

notice of the right to file a discrimination complaint, in accordance with 29 C.F.R. §

1614.604(b), when the notice is mailed to the employee."  (Doc. 72 Attachment 5 p. 1.)

Based upon the evidence of record there is a genuine dispute between the

parties concerning the date on which the Plaintiff actually received the EEO Final Letter

and therefore at this juncture the Defendant has failed to establish that Plaintiff filed his

complaint form outside of the required 15 day period.  In his unsworn response to

Defendant's motion, Plaintiff states that he "mailed the Plaintiff's complaint within the

time allowed after the Plaintiff's [sic] received of the complaint forms for CASE NO. 1H-

321-0024-06."  (Doc. 75 p. 1.)  In Plaintiff's Declaration, Plaintiff avers that he received

the EEO Final Letter on October 7, 2006. Attached to Plaintiff's Declaration is  a

document that Plaintiff received from Ms. Shine-Green entitled "Notice of Right To File

Mixed Complaint" on which a notation of "10/7/06" appears in the block for "Date

Received" of 10/7/06.  (Doc. 80 p. 6.)  Plaintiff also provided as part of his Declaration a

copy of the formal EEO complaint form that he mailed to NEEOISO, which also

contains the notation 10/7/06 in the space marked "Date you received the Notice of

Final Interview." (*Id.* p. 3.) Plaintiff avers in his Declaration that he submitted the

signed formal complaint form to NEEOISO via Certified Mail on October 20, 2006,

which is 13 days after the date Plaintiff received the EEO Final Letter and therefore

within 15 days of receiving the notice as required by 29 C.F.R. § 1614.106(b).

The five day presumption of receipt after mailing is exactly that – a presumption

that is rebuttable. Plaintiff has submitted evidence that rebuts this presumption and the

Defendants have not submitted any evidence that demonstrates the facts averred to in

Plaintiff's Declaration are untrue. Accordingly, at this stage of the proceedings, the

Defendants have not established as a matter of fact that the Plaintiff failed to file the

formal EEOC Complaint within 15 days. Accordingly, the Defendant's motion is due to

be **DENIED.**

## IV.  Recommendation

For the reasons discussed above, it is respectfully **RECOMMENDED** that

Defendant's Motion To Dismiss (Doc. 72) be **DENIED.**

**IN CHAMBERS** in Gainesville, Florida this 31st  day of March, 2011.


*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**